**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10474 |
| Plaintiff-Appellee, | D.C. No. 2:05-cr-00441-KJD |
| v. | |
| CHRISTOPHER BRANDON WILLIAMS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted September 12, 2018[**]

Before:    LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Christopher Brandon Williams appeals from the district court's judgment and challenges the 18-month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Williams contends that the 18-month consecutive sentence is substantively

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

unreasonable in light of the government's delay in pursuing revocation proceedings and his mitigating circumstances, and because the sentence is longer than necessary to meet the goals of sentencing on revocation. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the sentencing factors under 18 U.S.C. § 3583(e) and the totality of the circumstances, including the nature of Williams's violations, his history of violating conditions of supervised release, and his criminal history. *See Gall*, 552 U.S. at 51.

We decline to consider issues raised for the first time in Williams's reply brief. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005).

**AFFIRMED.**